McMILLIAN, Circuit Judge.
 

 Leland C. Drapeau, an American Indian, appeals from a final judgment entered in the United States District Court
 
 [1]
 
 for the District of South Dakota upon a jury verdict finding him guilty of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(a), and 2245(2)(A). The district court sentenced Drapeau to thirteen years and eight months imprisonment and four years of supervised release. For reversal, the only issue raised in the brief on appeal, filed under
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), is that Drapeau’s rights under the Speedy Trial Act were violated when the district court granted the government an eight-week continuance to obtain the results of a DNA profile test. For the reasons discussed below, we affirm the judgment of the district court.
 

 Drapeau was indicted on a charge of aggravated sexual abuse on May 17, 1991. Trial was scheduled for July 23, 1991. On June 27 Drapeau consented to provide the FBI with a blood sample. On June 28 the government moved to continue the trial for eight weeks to allow the FBI laboratory to conduct serology and DNA testing. In support of the motion, an FBI agent attested that such testing would provide inculpa-tory and exculpatory evidence because Dra-peau had denied ever having sexual relations with the victim. The government argued that under 18 U.S.C. § 3161(h)(8)(A), the Speedy Trial Act allowed a delay resulting from an “ends of justice” exception, and that the DNA testing results were probative and admissible evidence.
 

 Drapeau objected to the continuance, arguing that he would be prejudiced by a delay because witnesses would be less likely to remember facts and may even become unavailable, he was ready for trial, and he was incarcerated pending trial and likely to remain so. Concluding that the ends of justice served by granting the continuance outweighed the interests of the public and the defendant in a speedy trial, the district
 
 *1073
 
 court granted the continuance. The government then requested an additional four-week continuance to complete the DNA testing. Drapeau did not object to the second delay.
 

 After a three-day trial, at which the victim and Drapeau testified, the jury returned a guilty verdict. The district court sentenced Drapeau to thirteen years and eight months imprisonment and four years of supervised release.
 

 The only argument raised in the
 
 Anders
 
 brief was that granting the continuance for DNA testing violated the Speedy Trial Act. Upon our independent examination of the trial proceedings, we find no other nonfrivolous issues.
 
 See Penson v. Ohio,
 
 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). Failure to move for dismissal prior to trial constitutes a waiver of the right to dismiss under the Speedy Trial Act. 18 U.S.C. § 3162(a)(2);
 
 United States v. Kaylor,
 
 877 F.2d 658, 663 (8th Cir.),
 
 cert. denied,
 
 493 U.S. 871, 110 S.Ct. 198, 107 L.Ed.2d 152 (1989).
 

 Reviewing for plain error, we must determine whether the granting of the motion for a continuance was an abuse of discretion. The factors a judge must consider in determining whether to grant an “ends of justice” continuance under 18 U.S.C. § 3161(h)(8)(A) include whether, without a granting a delay, continuation of the trial would be impossible or result in a miscarriage of justice; whether the case is unusual or complex because of novel questions of fact or law; or whether, in not unusual eases, the attorney for the Government is denied reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
 

 We conclude that the district court did not abuse its discretion in granting the continuance. Drapeau told the FBI agent that he had never had sexual intercourse with the victim; the results of the DNA testing were material either to inculpate or exculpate Drapeau. The government exercised diligence in initiating the DNA testing procedures and demonstrated that analysis would take eight weeks to complete.
 

 Accordingly, we affirm the judgment of the district court.
 

 [1]
 

 . The Honorable Donald J. Porter, Senior United States District Judge for the District of South Dakota.